## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

LINDSI M. ZUMWALT,

      Plaintiff,

    vs.                                     1:20-cv-01276-KWR-LF

DANIEL EVANS, New Mexico
State Police Officer, and the
NEW MEXICO DEPARTMENT OF PUBLIC SAFETY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Defendants' Motion for Partial Judgment on the Pleadings as to Counts II and IV (**Doc. 26**).  Having reviewed the parties' pleadings and the relevant law, the Court finds that Defendants' motion is well-taken in part and, therefore, is **GRANTED IN PART**.

## BACKGROUND

Plaintiff was convicted of resisting a police officer in New Mexico state court.  As relevant here, Plaintiff asserts that there was no probable cause or lawful basis to arrest her.  Rather, she asserts that she was arrested for her speech.

Plaintiff alleges that she was operating a "damaged but drivable" motor vehicle alongside Interstate 10.  **Doc. 1-1 at ¶ 9.**  Law enforcement was dispatched to a crash with possible injuries, and Defendant Evans responded.  **_Id._ at ¶ ¶ 2, 11, 13.**  Defendant Evans allegedly determined that the registration had been tampered with and the vehicle was not roadworthy. He told Plaintiff that her car would be towed.  Defendant ordered Plaintiff to exit her vehicle, and she refused.

Defendant Evans allegedly told her that "you have been ordered out of the vehicle Lindsi because this is on a traffic stop for a call of a crash." **Doc. 1-1 at 5.** Plaintiff quipped that "it was not a traffic stop because she was not on the road." **Id**. Plaintiff alleges that this enraged Defendant Evans and he moved to take her out of the vehicle. She told him "Ok, I will get out," but he removed her from the vehicle anyway. **Id.** Plaintiff alleges that Defendant Evans arrested her and broke her arm in the process.

Plaintiff argues that "Defendant lacked any probable cause to believe that Plaintiff had committed any crime. No reasonable officer could deem Plaintiff's innocent questions as obstruction or resistance." **Doc. 28 at 5.**

Plaintiff entered into a plea agreement in which she agreed to plead no contest to Resisting, Evading, or Obstructing an Officer, a misdemeanor, contrary to NMSA § 30-22-01(D). In the plea agreement, Plaintiff agreed that "the defendant gives up any and all motions, defense, objections or requests which the defendant has made or raised or could assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement. The defendant waives the right to appeal the conviction that results from the entry of this plea agreement." **Doc. 26-1, Ex. A, at 2.** The district court approved the plea agreement and concluded "there exists a basis in fact for believing the defendant is guilty of the offenses charged and that an independent record for such factual basis has been made." **Doc. 26-1, Ex. A, at 4-5.**

As part of the plea agreement, two other counts were dismissed. The Judgment and Order declared that "[t]he Defendant was convicted on August 12, 2019 pursuant to a no contest plea accepted and recorded by the Court… the Defendant is hereby found and adjudged guilty and convicted of this crime." **Doc. 26-2, Ex. B, at 1.** It appears that Plaintiff did not appeal her conviction.

On October 9, 2020, Plaintiff filed a civil complaint in New Mexico state court asserting the following claims:

> Count I: Violation of the Fourth Amendment of the United States Constitution, excessive use of force.
>
> Count II: First Amendment Retaliation.
>
> Count III: Violation of the New Mexico Tort Claims Act, Battery.
>
> Count IV: Violation of the New Mexico Tort Claims Act for Malicious Prosecution and Abuse of Process.
>
> Count V: Violation of New Mexico Constitution, Article II, Section 10, excessive use of force.
>
> Count VI: Violation of the New Mexico Constitution, Article II, Section 17 Freedom of Speech.

This case was subsequently removed to this Court.  **Doc. 1.**  The parties agreed to dismiss Counts V and VI.  **Doc. 12.**

Defendants filed this motion for judgment on the pleadings, and Defendants attached the plea agreement and the judgment to the motion.  Plaintiff did not object or assert that the Court could not consider the documents.

## LEGAL STANDARD

Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which uses a standard similar to Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*").  As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc*., 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff asserts a First Amendment retaliation claim. She alleges that Defendant Evans retaliated against her for her speech by arresting her and pursuing charges for resisting arrest. To state a First Amendment retaliation claim, a plaintiff must allege "(1) [she] was engaged in constitutionally protected activity, (2) the government's actions caused [her] injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to [her] constitutionally protected conduct." *Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015), *quoting Nielander v. Bd. of Cty. Comm'rs,* 582 F.3d 1155, 1165 (10th Cir. 2009).

Moreover, Plaintiff must show that Defendants lacked probable cause to arrest her or prosecute her. *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149 (10th Cir. 2020) ("where the adverse action takes the form of an arrest and subsequent prosecution, the plaintiff must show an absence of probable cause."), *citing Hartman v. Moore*, 547 U.S. 250, 252, 265–66, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006) (retaliatory prosecution), and *Nieves v. Bartlett*, ——U.S. ——, 139 S. Ct. 1715, 1726, 204 L.Ed.2d 1 (2019) (retaliatory arrest). "The presence of

4

probable cause, therefore, is a bar to a First Amendment retaliation claim..." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149 (10th Cir. 2020).

Plaintiff appears to admit that she must show the lack of probable cause, and she has not articulated any relevant exception to the probable cause requirement under *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727, 204 L. Ed. 2d 1 (2019). *Hinkle v. Beckham Cty. Bd. of Cty. Commissioners*, 962 F.3d 1204, 1227 (10th Cir. 2020).

At issue here is whether Plaintiff's no contest plea and subsequent conviction for resisting an officer bars her claim in this case for First Amendment retaliation. Because *Heck v. Humphrey* bars her from arguing that there was a lack of probable cause for resisting arrest, the Court agrees that dismissal of the First Amendment Retaliation claim is appropriate.

## I. *Heck* bars Plaintiff's First Amendment Retaliation Claim under Count II.

Under *Heck v. Humphrey,* courts cannot award monetary damages for § 1983 civil rights violations when doing so "would necessarily imply the invalidity of [a prisoner's] conviction or sentence" and the Plaintiff has not demonstrated "that the conviction or sentence has already been invalidated." 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). The Tenth Circuit has suggested that *Heck v. Humphrey* bars claims based on false arrest where the plaintiff argues the "arrest was improper because [she] had not committed the alleged offenses." *Jackson v. Loftis*, 189 F. App'x. 775, 779 n.1 (10th Cir. 2006).

The United States Supreme Court noted that circumstances similar to those here would be barred under the *Heck* doctrine. It provided the hypothetical of a man convicted of resisting arrest who then sought to bring a § 1983 action against his arresting officers for the violation of his Fourth Amendment rights. *Heck v. Humphrey*, 512 U.S. at 486, 114 S.Ct. 2364 n.6. The United States Supreme Court explained that his § 1983 false arrest claim would be barred, because in

order to prevail on his § 1983 claim, he would have to negate an element of the offense for which he was convicted—that his arrest was lawful. *Id.*

The Court concludes that Plaintiff's First Amendment retaliation claim necessarily implies the invalidity of her state court conviction, because she asserts there was no probable cause or lawful basis to arrest her, an element of her conviction for resisting arrest. *See, e.g., Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999) ("under the Supreme Court's hypothetical, the lawfulness of the arrest is a necessary element of the criminal offense of resisting arrest. Thus, to prevail in a § 1983 action for false arrest, plaintiff would have to negate the lawfulness element of the resisting arrest offense."); *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011) (barring § 1983 claims under *Heck* because "[u]nderlying all of Johnson's claims is the allegation that he was subject to an illegal arrest and search without probable cause"); *Burden v. Wood*, 200 F. App'x 806, 807 (10th Cir. 2006) ("Because Appellant was ultimately convicted of obstructing a police officer, he cannot pursue this [§ 1983] claim" for false arrest.).

Plaintiff was convicted of resisting an officer "in the lawful discharge of his duties." N.M. Stat. Ann. § 30-22-1(D) ("resisting or abusing any judge, magistrate or peace officer in the *lawful* discharge of his duties.") (emphasis added). "[R]esisting can include the failure to obey lawful commands from law enforcement officers." *State v. Diaz,* 121 N.M. 28, 32, 908 P.2d 258, 262 (Ct.App.1995), *cited in City of Espanola v. Archuleta*, No. 28,620, 2010 WL 3997984, at *3 (N.M. Ct. App. Feb. 5, 2010). To carry its burden of convicting a defendant for resisting arrest, the state must show that the officer gave a lawful order. *State v. Gutierrez*, 2007-NMSC-033, ¶ 35, 142 N.M. 1, 162 P.3d at 168. Generally, "an officer may lawfully order occupants to exit a vehicle during a traffic stop." *Wilson v. Vill. of Los Lunas*, 572 F. App'x 635, 641 (10th Cir. 2014), *citing*

*Maryland v. Wilson,* 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); *Pennsylvania v. Mimms,* 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).

Here, Plaintiff's First Amendment retaliation claim would necessarily imply the invalidity of her conviction for resisting arrest. To show a violation of her First Amendment rights, Plaintiff must show that Defendant Evans lacked probable cause to arrest her. *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149 (10th Cir. 2020). But an element of resisting arrest under New Mexico law is that the officer could lawfully arrest her. N.M. Stat. Ann. § 30-22-1(D). Plaintiff argues that Defendant Evans did not have probable cause to arrest her. This squarely attacks the conviction for resisting an officer, as an element of the crime is that the officer lawfully arrested her.

Plaintiff argues that *Heck* does not apply because she gave a no contest plea. However, by pleading no contest to the charge of resisting an officer in New Mexico state court, Plaintiff did not contest that the underlying facts supported each element and she was convicted of resisting arrest. New Mexico defines "conviction" to include pleas of no contest. N.M. Stat. § 30–1–11. Plaintiff does not cite to any Tenth Circuit law that a conviction resulting from a no contest plea may not invoke *Heck* doctrine. Plaintiff cites to *Lockett v. Ericson,* 656 F.3d 892 (9th Cir. 2011). The Court does not believe that *Lockett* is on point. Even if it were on point, *Lockett* is contrary to Tenth Circuit law. *See Hooks v. Atoki*, 983 F.3d 1193, 1201 (10th Cir. 2020) (no contest plea under *Heck*), *cert. denied*, No. 20-7368, 2021 WL 2405232 (U.S. June 14, 2021).

Moreover, the Tenth Circuit has expressly rejected Plaintiff's argument:

> Nevertheless, the *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that Havens entered an *Alford* plea. *See Ballard,* 444 F.3d at 397 ("[W]e hold that a conviction based on an *Alford* plea can be used to impose *Heck's* favorable termination rule."); *Smithart,* 79 F.3d at 952 (applying *Heck* to the plaintiff's *Alford* plea to assault with a deadly weapon); *Carbajal v. Hotsenpiller,* 524 Fed.Appx. 425, 428 (10th Cir.2013), *cert. denied,* ——U.S. ——

, 134 S.Ct. 2697, 189 L.Ed.2d 744 (2014) ("We agree with the district court that [the plaintiff's] abuse of process, false imprisonment, and conspiracy claims are barred by *Heck*. All three claims rest on [the plaintiff's] allegation that the charges for which he entered an *Alford* plea were false."); *Green v. Chvala*, 567 Fed.Appx. 458, 459 (7th Cir.2014) ("Like any plea, an *Alford* plea results in a conviction to which *Heck* applies.").

*Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015) (opinion of majority of panel, written by Judge Hartz and joined by Judge Matheson); *see also Cabot v. Lewis*, 241 F. Supp. 3d 239, 250 (D. Mass. 2017), citing *Quinlan v. City of Pensacola*, 449 Fed.Appx. 867, 870 (11th Cir. 2011) (*nolo contendere* under Florida law); *Gomez v. City of Whittier*, 211 Fed.Appx. 573, 575 (9th Cir. 2006) (*nolo contendere* under California law); *Jackson v. Loftis*, 189 Fed.Appx. 775 (10th Cir. 2006) (*nolo contendere* and deferred sentence under Oklahoma law); *Marable v. W. Pottsgrove Twp.*, 176 Fed.Appx. 275 (3d Cir. 2006) (*nolo contendere* under Pennsylvania law); and *Nicholson v. City of Westlake*, 20 Fed.Appx. 400 (6th Cir. 2001) (*nolo contendere* under Ohio law).

Plaintiff also argues that *Heck* should not apply to a misdemeanor conviction.  Plaintiff cites to *Lockett* for this proposition, but *Lockett's* reasoning as to the applicability of the *Heck* doctrine focused on the no contest plea.  The Court sees no reason why *Heck* should not apply to misdemeanor convictions, and Plaintiff does not cite to any other case law stating that *Heck* should not apply to misdemeanor convictions.  *See, e.g., Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (applying *Heck* to misdemeanor conviction); *see also Jones v. Cannon*, No. CIV-13-302-C, 2014 WL 1270982, at *10 n.12 (W.D. Okla. Mar. 26, 2014) (applying *Heck* to no contest plea to misdemeanor), *aff'd,* 589 F. App'x 849 (10th Cir. 2014).

## II.   **Plaintiff's Malicious Prosecution Claim under Count IV remains.**

Defendants argue that Plaintiff's state law malicious prosecution claim under Count IV should be dismissed as probable cause has been established under the collateral estoppel doctrine.

The Court concludes that dismissal under collateral estoppel is not appropriate at this procedural stage.

The New Mexico Supreme Court stated the elements of the tort of malicious abuse of process as follows:

> (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages. An improper use of process may be shown by (1) filing a complaint without probable cause, or (2) "an irregularity or impropriety suggesting extortion, delay, or harassment[,]" or other conduct formerly actionable under the tort of abuse of process. *Fleetwood Retail Corp. of N.M.*, 2007-NMSC-047, ¶ 12, 142 N.M. 150, 164 P.3d 31 (citation omitted). A use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt. *DeVaney*, 1998-NMSC-001, ¶ 28, 124 N.M. 512, 953 P.2d 277 (listing examples of abuse of process). Finally, we emphasize that the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts. *Id.* ¶ 19.

*Durham v. Guest*, 2009-NMSC-007, ¶ 29, 145 N.M. 694, 701, 204 P.3d 19, 26.

Plaintiff alleged that Defendant Evans "improperly used the criminal legal process, without probable cause, merely for the purpose of vexing and injuring Plaintiff Zumwalt, and resulting in damage to her personal rights. Defendant Evans charged Plaintiff Zumwalt with a crime not in an effort to enforce any legal code, but to bully and intimidate her and justify his unreasonable use of excessive force." **Doc. 1-1 at 8.** Plaintiff has not alleged any overt misuse of process aside from the lack of probable cause.

Generally, in New Mexico an unfavorable determination is "conclusive evidence of the lack of probable cause." *Weststar Mortg. Corp. v. Jackson*, 2003-NMSC-002, ¶ 19, 133 N.M. 114, 123, 61 P.3d 823, 832.

For collateral estoppel to apply, four elements must be met: "(1) the parties in the current action were the same or in privity with the parties in the prior action, (2) the subject matter of the two actions is different, (3) the ultimate fact or issue was actually litigated, and (4) the issue was

9

necessarily determined." *Ullrich v. Blanchard,* 142 N.M. at 839, 171 P.3d at 778 (quoting *City of Sunland Park v. Macias,* 134 N.M. 216, 220, 75 P.3d 816, 820 (Ct.App.2003)).

Defendants bear the burden of proof on the affirmative defense of collateral estoppel. *See Nwosun v. Gen. Mills Rests., Inc.,* 124 F.3d 1255, 1256 (10th Cir.1997); Fed.R.Civ.P. 8(c). The Defendants may raise the defense in a rule 12(b)(6) motion when the facts necessary to support the defense are apparent from the face of the pleadings. *See Prospero Assocs. v. Burroughs Corp.,* 714 F.2d 1022, 1024 (10th Cir.1983) ( "The motion is also procedurally defective," because "[t]he affirmative defense of res judicata does *not* appear on the face of the Complaint.").

Here, the Court finds Defendants did not carry their burden, and the facts necessary to support the defense are not apparent from the face of the pleadings.  Defendant did not cite or prove the elements of collateral estoppel in its motion, and it is unclear whether probable cause was actually litigated in the state criminal proceeding.  Moreover, Defendants have not cited to any law stating that the parties actually litigated probable cause in a *nolo contendere* plea.  In the cases cited by Defendant there was a litigated preliminary hearing in which a judge made a probable cause determination.  Therefore, dismissal at this stage is not appropriate.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Partial Judgment on the Pleadings as to Counts II and IV **(Doc. 26)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order.  Count II is dismissed but Count IV remains.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**